MARVIN CROSS and Others, Plaintiffs, *v.* ANGLO-AMERICAN BANKING COMPANY, Defendant.

*President of a banking corporation — when presumptively authorized to equip its office with furniture.*

Where the president and chief executive of a foreign banking corporation, having its principal place of business in the city of New York, is expressly authorized by the articles of incorporation, and by the action of its directors, to open its office in the city of New York, he has, presumptively, authority to purchase the furniture necessary to equip such office, in the absence of a by-law or resolution limiting his power, or requiring that no expenditure shall be made except under a resolution of the board of directors of such corporation.

MOTION by the defendant, Anglo-American Banking Company, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance after a verdict had been rendered in favor of the plaintiffs, by direction of the court on the 14th day of May, 1894, after a trial at the New York Circuit.

*Arthur R. Robertson*, for the plaintiffs.

*John C. Shaw*, for the defendant.

PER CURIAM:

This action was brought to recover the alleged value of office furniture furnished for defendant's use between March 15, 1892, and May 31, 1892. The defendant is a banking corporation, organized June 5, 1888, under the laws of West Virginia, having its principal place of business at the city of New York. From the date of the incorporation of the defendant to the date of the trial of this action Samuel J. Gorman was one of the directors and its president. Aside from Gorman, there were four other directors, J. H. Hobson, Edmond Huerstel, C. V. Sidell and Charles March. Mr. Gorman testified, without objection, that he was the president of the corporation, and, under the defendant's objection, that he ordered the furniture and fixtures from the plaintiffs for use in the New York office, which was opened under the direction of Mr. Hobson, Mr. Gorman, Mr. March and himself, and that the furniture was furnished by the plaintiffs and was used by defendant in its New York office.

Mr. March, one of the defendant's directors, testified that the furniture was furnished and was used in the defendant's office in the city of New York. There was no dispute upon the trial about the fact that the furniture was ordered by the defendant's president, was used in its office, and was worth the price charged. The only defense interposed was that the plaintiffs were unable to prove a resolution of defendant's board of directors authorizing its president to purchase this furniture. No evidence was given of any by-law or resolution limiting the power of the president, or requiring that no expenditure should be made, except upon the resolution of the board. The evidence was entirely uncontradicted, and is ample to

justify the conclusion of the learned trial judge that the president had power to order the articles furnished. Besides this, it was shown that the furniture was used in defendant's office with the knowledge of its directors and of some of its principal stockholders. The president was defendant's chief executive officer, and was expressly authorized by the articles of incorporation and by the action of the directors to open an office in this city, and presumptively he had authority to purchase furniture necessary to equip the office which he was directed to establish.

The conclusion reached by the trial judge is the only one possible upon the evidence contained in the record, and the judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and BARRETT, JJ.

Judgment affirmed, with costs.